UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:23-CR-00213** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CYNTHIA BROWN-MANNING**<br>**BARBARA BEARD** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine (R. Doc. 54) filed by the United States (the "Government").  It is opposed (R. Doc. 56).

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED in part,** and **DENIED in part.**

### I.  BACKGROUND

This is a prosecution of two doctors, Dr. Cynthia Brown-Manning and Dr. Barbara Beard, who are alleged to have diverted prescription drugs in violation of federal law.[1]  In the instant motion, the Government seeks to exclude (1) "self-serving" statements that the doctors made to the Drug Enforcement Agency ("DEA"), (2) "improper character evidence," and (3) evidence that state-law drug charges arising from this same event were dropped (by the state).[2]

### II.  LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis,* 1996 WL 457258, at *1 (E.D. La. 8/12/1996) (citing *Hawthorne Partners v. AT&T*

---

[1] R. Doc. 54 at 1.
[2] *Id.* at 2, 4, 8.

*Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1. Last, a motion "set[ting] forth a [] laundry list of matters, most of them of a highly vague nature ... constitutes an improper 'shotgun' motion which fails to meet this court's standards for motions in limine." *Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008).

### III. ANALYSIS

#### A. Statements to the DEA

The Government seeks to exclude "various self-serving exculpatory statements" made by the Defendants during interviews with the DEA. *See* R. Doc. 54 at 2–4. Because we do not know the content—or are even provided a hint—of these statements, we cannot conclusively determine whether they are excludable under Fed. R. Evid. 801(d)(2). *See Luv n' care v. Laurain*, No. CV 3:16-00777, 2021 WL 7907283, at *20 (W.D. La. Mar. 29, 2021). Accordingly, exclusion is **DENIED** for now. The Government may re-urge this objection, if *particularized* at trial.

### B. Character Evidence

The Government seeks "as a precautionary matter" to exclude evidence of "improper character evidence." *See* R. Doc. 54 at 4; *see id.* at 4–8. Dr. Beard agrees to adhere to the confines of Fed. R. Evid. 404(a)(1) and Fed. R. Evid. 405(a). *See* R. Doc. 56 at 2. We assume Dr. Brown-Manning will do the same. The motion is thus **GRANTED IN PART** as confirmation that we will enforce the Federal Rules of Evidence. If Defendants do not abide, the Government may re-urge this objection.

### C. State Court Proceedings

The Government seeks to exclude evidence that the Ouachita Parish District Attorney "declin[ed] to proceed with the state charges" associated with this alleged conduct, and the comments that the District Attorney made when he dropped those charges. *See* R. Doc. 54 at 8. Dr. Beard will not offer evidence of this at trial. *See* R. Doc. 56 at 3. We expect the same from Dr. Brown-Manning. Accordingly, the Motion is **GRANTED IN PART** insofar as we tentatively exclude this evidence. If anything changes, the Government may re-urge this objection at trial.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion is **GRANTED in part**; **DENIED in part.**

**MONROE, LOUISIANA,** this 17th day of January, 2025.

Terry A. Doughty
United States District Judge